The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARK WHELAN & CHRIS COOK,<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS DOWNIE; DOWCAR METALS, INC., PETER KNOPPERT; PK CONSULTING, LLC; SAMUEL SCRIVANICH; LAWRENCE "LARRY" SCRIVANICH; BRIDGES WEST, LLC; & WORKFORCE MODULARS, LLC,<br><br>Defendants. | Case No. 2:24-cv-02080-RAJ<br><br>PLAINTIFFS' EX PARTE MOTION FOR ALTERNATIVE SERVICE OF DEFENDANTS THOMAS DOWNIE, PETER KNOPPERT, DOWCAR METALS, INC., AND PK CONSULTING, LLC<br><br>**NOTE ON MOTION CALENDAR: SAME DAY** |

4905-8762-0907.3
PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF DEFENDANT - 1

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

## TABLE OF CONTENTS

Page(s)

INTRODUCTION AND RELIEF REQUESTED ................................................................... 5

STATEMENT OF FACTS ...................................................................................................... 5

    A.    Attempts to Serve Dowcar Metals, Inc. ..................................................................... 5

    B.    Attempts to Serve Downie ......................................................................................... 6

    C.    Attempts to Serve PK Consulting, LLC .................................................................... 8

    D.    Attempts to Serve Peter Knoppert ............................................................................. 9

    E.    Attempts to Serve the Defendants via Counsel ...................................................... 10

ARGUMENTS & AUTHORITIES ....................................................................................... 10

    A.    The Court should authorize alternative service on Dowcar Metals by mail or via the Washington Secretary of State ................................................................................ 11

    B.    The Court should authorize alternative service on Thomas Downie by mail and email .. 12

        i.    **Plaintiffs made reasonably diligent efforts to serve Downie** ................................ 12

        ii.    **Downie is a resident of Washington** ................................................................... 13

        iii.    **Downie is evading service** ................................................................................... 13

        iv.    **Plaintiffs request the Court to authorize service of Downie by mail and email** 14

    C.    The Court should authorize alternative service on PK Consulting via the California Secretary of State ................................................................................................... 15

    D.    The Court should authorize alternative service on Peter Knoppert by mail ........... 16

CONCLUSION & PRAYER ................................................................................................. 17

4905-8762-0907.3

PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF DEFENDANT - 2

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Amazon.com Servs. LLC v. Indecor Home Co.*,
  No. C22-1560-JCC, 2023 WL 2573237 (W.D. Wash. Mar. 20, 2023) ................................... 14

*Arias v. BL Custom Upholstery, Corp.*,
  No. CV 23-7256 PVC, 2023 WL 9418433 (C.D. Cal. Sept. 29, 2023) ................................. 15

*Boes v. Bisiar*,
  122 Wn. App. 569, 94 P.3d 975 (Wash. Ct. App. 2004) ........................................................ 10

*Cong v. Zhao*,
  No. 2:21-CV-01703-TL, 2023 WL 7000888 (W.D. Wash. Oct. 24, 2023) ............................ 10

*Gancarz v. Capito*,
  No. 3:23-CV-01113-RAJ, 2024 WL 4170933 (W.D. Wash. Sept. 12, 2024) ......................... 10

*ME2 Prods., Inc. v. Alexander*,
  No. C17-1221RSL, 2017 WL 4700182 (W.D. Wash. Oct. 19, 2017) .............................. 11, 12

*Mullane v. Cent. Hanover Bank & Tr. Co.*,
  339 U.S. 306 (1950) ................................................................................................................ 11

*Rio Props., Inc. v. Rio Int'l Interlink*,
  284 F.3d 1007 (9th Cir. 2002) ................................................................................................ 10

*Rodriguez v. James-Jackson*,
  127 Wn. App. 139 (2005) ....................................................................................................... 11

*Steel West USA, Inc. v. Dowcar Metals, Inc., et al.*,
  King County Superior Court case No. 19-2-24626-0 SEA ...................................................... 6

*Thomas Downie, et al. v. Samuel Scrivanich, et al.*,
  King County Superior Court Cause No. 22-2-09744-2 ..................................................... 7, 10

*Urban Equity Real Estate, Inc. v. Thomas Downie*,
  Case No. 24-2-08359-6-SEA ........................................................................................ passim

*Wright v. B & L Properties, Inc.*,
  113 Wn. App. 450, 53 P.3d 1041 (2002) ................................................................................ 11

4905-8762-0907.3
PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF DEFENDANT - 3

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

**Statutes**

Cal. Corp. Code § 1702(a)...................................................................................................15

Cal. Corp. Code §§ 17701.13(a), 17701.14(a), & 17702.09(a).............................................9

RCW 23.95.450(2).........................................................................................................11, 12

RCW 23.95.450(4)...............................................................................................................15

**Other Authorities**

Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A) .......................................................................................11

Federal Rule of Civil Procedure 4(e)(1) ..........................................................................5, 10

Federal Rule of Civil Procedure 4(m).....................................................................................5

Washington Secretary of State. RCW 23.95.450(4) ............................................................12

4905-8762-0907.3

PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF DEFENDANT - 4

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

## INTRODUCTION AND RELIEF REQUESTED

Plaintiffs Mark Whelan and Chris Cook ("Plaintiffs") move under Federal Rule of Civil Procedure 4(e)(1) for an order authorizing alternative service on defendants Thomas Downie, Dowcar Metals, Inc. ("Dowcar"), Peter Knoppert, and PK Consulting, LLC ("PK Consulting"), or, in the alternative, a 45-day extension of time to serve these Defendants pursuant to Federal Rule of Civil Procedure 4(m).

## STATEMENT OF FACTS

On December 16, 2024, Plaintiffs Mark Whelan and Chris Cook filed suit against the Defendants bringing claims arising from the breach of a Partnership Agreement. *See* Complaint (Dkt. 1). However, Plaintiffs, despite their diligent efforts, have been unable to personally serve Defendants Thomas Downie, Dowcar, Peter Knoppert, and PK Consulting.[1]

**A.    Attempts to Serve Dowcar Metals, Inc.**

Dowcar Metals, Inc., is an active Washington for-profit corporation owned and governed by Defendant Thomas Downie, with a principal address of 19128 112th Ave. NE, #339, Bothell, Washington, and a registered agent named Ernest Miller at the same address. Yarborough Decl., Ex. B (Dowcar's Statement of Reinstatement) (Sept. 5, 2025).

Plaintiffs dispatched a process server to serve Dowcar's registered agent at the Bothell address listed in its most recent corporate filings. *See Id.* The process server made four attempts at this address but was unable to effect service. On January 4, 2025, the process server reported that he was "unable to access secured apartment building," adding "no answer at call box." Yarborough Decl. Ex. C (Declaration of Niel Young). On January 6, 2025, the process server reported there was no answer at the call box and that he left a voicemail. *Id.* On January 22, 2025, the process server noted that "E. Miller [the name of Dowcar's registered agent] is listed

---

[1] The other defendants accepted service via their attorney on January 7, 2025. Declaration of Patrick Yarborough ("Yarborough Decl."), Ex. A.

on the call box. No answer. Went to voicemail for 425-367-8585." *Id.*

Process servers made an additional twelve (12) attempts to gain access to this address when trying to serve Downie. Yarborough Decl., Exs. D (Roh Declaration, one attempt on Jan. 7, 2025); E (Sutton Declaration, nine attempts from Dec. 21, 2024, to Jan. 12, 2025); F (Fernandez Declaration, two attempts on Jan. 8–9, 2025). All told, process servers tried and failed sixteen times to access Dowcar's Bothell address.

Dowcar's most recent Annual Report lists its principal office as 1420 Marvin Rd. NE, Suite C202, Lacey, Washington. Yarborough Decl., Ex. G (Dowcar's Annual Report) (March 4, 2024). Plaintiffs unsuccessfully attempted service at this address on March 7, 2024, but learned that this purported office "[i]s a UPS Store." Ex. H (Leonor Declaration).

**B.    Attempts to Serve Downie**

Mr. Downie has a long and well-documented history of evading service or otherwise being difficult or impossible to serve. For example, in another Washington case, titled *Steel West USA, Inc. v. Dowcar Metals, Inc., et al.*,[2] the court authorized service by mail on Downie for issues related to his habitual evasion of service. Yarborough Decl., Ex. J (Order Authorizing Alternative Service).

In September 2024, Downie testified that he is a Washington resident, maintains a residence in Idaho that is only accessible by boat, and another one in Arizona within a gated community. Yarborough Decl., Ex. K, ¶¶ 1, 2, 9 (Sept. 23, 2024 Downie Declaration in *Urban Equity Real Estate, Inc., v. Thomas Downie*, King County Superior Court Cause No. 24-2-08359-6) ("*Urban Equity v. Downie*").

Plaintiffs engaged a private investigator to identify addresses recently owned or occupied by Downie. Yarborough Decl., Ex. L, ¶ I (Declaration of Luke Ott). This investigator reported that Downie's most recent Washington address is 19128 112th Avenue NE, Apt. 339, Bothell, Washington 98011 (the "Bothell Address"). *Id.* Although Downie demonstrates great care to

---

[2] King County Superior Court Cause No. 19-2-24626-0 SEA.

4905-8762-0907.3
PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF DEFENDANT - 6

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

avoid disclosing his residence in court records, he filed a redacted transcript from a May 26, 2023, deposition in another case[3] confirming his residence is in Bothell with an address containing the word "Northeast" and 98011 ZIP code, consistent with the Bothell Address identified by Plaintiffs' private investigator:

> 16  Q   Where do you currently live, Mr. Downie?
> 17  A   In Bothell.
> 18  Q   And what address?
> 19  A   [redacted] Northeast, Bothell, 98011.

Yarborough Decl., Ex. K at Ex. 1 at 10 (Transcript attached to Downie Declaration (highlights added).

In January 2025, an unrelated private investigator hired by a plaintiff in another case against Downie also concluded that Downie's Washington residence is the Bothell Address:

> 6. My research of public records shows the following possible addresses in Washington for Mr. Downie:
>
>   a. 9805 NE 116th Street, Suite 7239, Kirkland, WA 98034 (two federal tax liens recorded to this address against debtor Thomas Downie.) This address is a postal box named Pony Express and it has been reported to credit from 2015 to current.
>
>   b. As of September 17, 2024 both Mr. Downie and Billie Jo Downie reported to credit an address of 19128 112th Ave. NE, Apt. 339, Bothell, WA 98011. This is a luxury apartment.

Yarborough Decl., Ex. M (Young Declaration filed Jan. 28, 2025).

Plaintiffs unsuccessfully attempted service on Downie 12 times at the Bothell Address from December 21, 2024 to January 12, 2025. Yarborough Decl., Exs. D–F. Each time, the process server did not receive any response on the callbox and could not access the address. *Id.*

---

[3] *Thomas Downie, et al. v. Samuel Scrivanich, et al.*, King County Superior Court Cause No. 22-2-09744-2 ("*Downie v. Scrivanich*").

4905-8762-0907.3
PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF DEFENDANT - 7

**Miller Nash LLP**
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

On January 9, 2025, Plaintiffs' process server reported: "Per leasing agent, there is no record of Thomas Downie living here." Yarborough Decl., Ex. F.

Next, Plaintiffs attempted service on Downie at an Arizona address identified by their private investigator,[4] 5119 E. Paradise Dr., Scottsdale, Arizona 85254. Yarborough Decl., Ex. L. On March 4, 2025, the process server reported that no one answered the door, noting: "2 cars in the driveway, blinds open, no answer-2 packages out front for Austyn Downie (the house is owned by this person)." Yarborough Decl., Ex. N (Meyer Declaration). On March 6, an individual named "Nick" answered the door and denied knowing Downie, even though Downie's daughter owns the house and was receiving packages there. *Id.* On the third attempt, no one answered the front door and a neighbor could not confirm whether Downie lived at this address. *Id.*

Since Downie admits living part-time in California, Plaintiff followed another lead on a California address identified by a private investigator: 79405 Brookville, La Quinta, California 92253. Yarborough Decl., Ex. K, ¶ 2, Ex. L, ¶ I. On January 2, 2025, a process server reported that guards at the gate "verified this is a vacation home and residents are checked out and have not checked in for the season[.]" Yarborough Decl., Ex. O (Harms Declaration).

**C.    Attempts to Serve PK Consulting, LLC**

PK Consulting is a California LLC owned by Defendant Peter Knoppert, who lists himself as PK Consulting's registered agent located at 101 Park Plaza #448, San Diego, California 92101. Yarborough Decl., Ex. P (Statement of Information of PK Consulting, LLC).

Plaintiff attempted serving PK Consulting's registered agent at the address listed with the Secretary of State. *Id.* Process servers reported on January 3, 2025, that "Subject is previous occupant. No longer lives here. New residents have lived here 3 months." Yarborough Decl., Ex. Q (Martel Declaration). California law requires PK Consulting to update its filings with a

---

[4] Plaintiffs received informal reports that Downie purchased this home in his daughter's name. Yarborough Decl., Ex. L, ¶ I.

4905-8762-0907.3

PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF DEFENDANT - 8

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

current address for its registered agent. *E.g.*, CAL. CORP. CODE §§ 17701.13(a), 17701.14(a), & 17702.09(a). As a result, Plaintiffs have been unable to effect service.

PK Consulting identifies its principal office at 2108 N Street, Suite N, Sacramento, California 95816. Yarborough Decl., Ex. P. Plaintiffs attempted service here on February 26, 2025, but the process server reported that "Per Alex Morgan, mail team (W/F/28+/ BRN/5'6"/ 200), they are not the agent for service for this company. Refused to accept service." Yarborough Decl., Ex. R (Williams Declaration). Thus, Plaintiffs are unable to serve PK Consulting at either address PK Consulting reported to the California Secretary of State.

**D.    Attempts to Serve Peter Knoppert**

Defendant Peter Knoppert is an individual residing in California and owner of PK Consulting. Plaintiffs' private investigator identified Knoppert's most recent address as 16 Siena, Laguna Niguel, California 92677. Yarborough Decl., Ex. L, ¶ I.

Plaintiffs dispatched process servers to serve Knoppert at Laguna Niguel. On January 2, 2025, the process server reported "No answer. Quiet, lights on. No cars in the driveway." Yarborough Decl., Ex. S (Sano Declaration). On January 4, 2025, Sano "heard movement inside" the house but was unable to complete service. *Id.* On January 6, Sano reported "no answer" and "quiet" but that this was a "***good address, per neighbor who stated Peter Knoppert does live here*** but he hasn't seen him lately." *Id*. (emphasis added). Plaintiffs continued attempting service here at varying times of day.

On January 8, 2025, a process server reported "No answer. Quiet. No return calls have been received as of this update." *Id*. On February 26–27, 2025, a process server reported there was "no answer" at this address. Yarborough Decl., Ex. T (Holloway Declaration). On February 28, 2025, a process server reported that a "neighbor confirmed that Peter Knoppert does reside at this address" yet there was no answer during this attempt. *Id*.

Plaintiffs would have served Knoppert in both his individual capacity and as PK Consulting's registered agent had they located him at any of PK Consulting's registered

4905-8762-0907.3
PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF DEFENDANT - 9

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

addresses (required by California law to be current). And though neighbors confirmed that Knoppert lives at the Laguna Niguel address, Knoppert did not answer the door on any of the nine service attempts made there, despite the process server hearing movement inside the house on at least one occasion.

E. **Attempts to Serve Defendants via Counsel.**

Plaintiffs learned that all unserved defendants have been recently represented by attorney Rachel Black. Plaintiffs asked Ms. Black if she would accept service for defendants or provide their mailing addresses,[5] but she denied having authorization to do so. Yarborough Decl., Ex. I (Emails with Ms. Black).

## ARGUMENT & AUTHORITIES

"Federal Rule of Civil Procedure 4(e)(1) authorizes litigants in federal court to effect service of a summons and complaint in any manner provided by the law of the state in which the court sits." *Gancarz v. Capito*, No. 3:23-CV-01113-RAJ, 2024 WL 4170933, at *1 (W.D. Wash. Sept. 12, 2024) (citing FED. R. CIV. P. 4(e)(1)). A party requesting alternate service must "demonstrate that the facts and circumstances of the present case necessitate[ ] the district court's intervention." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). Washington law similarly permits alternative service when a plaintiff has used "reasonably diligent efforts to personally serve the defendant." *Boes v. Bisiar*, 122 Wn. App. 569, 574, 94 P.3d 975, 978 (Wash. Ct. App. 2004).

This court recently authorized alternative service where "attempted gamesmanship" and evading service are clear, as where a "Defendant has not provided a credible address at which they might be served . . . By providing the lawyer's address instead of their own and failing to accept service, Defendant seeks to both evade and take advantage of [the statute]." *Cong v. Zhao*, No. 2:21-CV-01703-TL, 2023 WL 7000888 (W.D. Wash. Oct. 24, 2023) (noting that alternative

---

[5] *E.g.*, Yarborough Decl., Ex. U (Opposition to Motion for Alternate Service filed Feb. 10, 2025, by Ms. Black on Downie's behalf in the *Urban Equity v. Downie* case ); Ex. K, at Ex. 1 (deposition transcript listing Ms. Black as counsel for Downie, Dowcar, Knoppert, and PK Consulting in *Downie v. Scrivanich*).

4905-8762-0907.3
PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF DEFENDANT - 10

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

service was proper where plaintiff was unable to locate a legitimate physical address for defendant and address provided was for defendant's lawyer, who no longer represented the defendant at the time of service and where defendant had actual notice of the litigation).

When seeking alternative service, "[r]easonable diligence requires the plaintiff to make honest and reasonable efforts to locate the defendant." *Wright v. B & L Properties, Inc.*, 113 Wn. App. 450, 458, 53 P.3d 1041, 1045 (2002). Any alternative service must comport with due process such that it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

Service can be made in accordance with the laws of the state where service is made. FED. R. CIV. P. 4(e)(1), 4(h)(1)(A). "Washington law authorizes service by mail upon a showing that (a) defendant has made reasonably diligent efforts at personal service, and (b) defendant resides in the state but has concealed herself in order to avoid service of process." *ME2 Prods., Inc. v. Alexander*, No. C17-1221RSL, 2017 WL 4700182, at *1 (W.D. Wash. Oct. 19, 2017) (citing *Rodriguez v. James-Jackson*, 127 Wn. App. 139, 140 (2005)) (internal citation omitted).

For entities represented by a registered agent, "if its registered agent cannot with reasonable diligence be served, the entity may be served by registered or certified mail, return receipt requested, or by similar commercial delivery service, addressed to the entity at the entity's principal office." RCW 23.95.450(2). "The address of the principal office must be as shown in the entity's most recent annual report filed with the secretary of state." *Id*.

A.  **The Court should authorize alternative service on Dowcar by mail or the Washington Secretary of State**

Dowcar's registered agent and principal office are inaccessible because their addresses are for a UPS mailbox and restricted apartment, respectively. Therefore, the Court should authorize Plaintiffs to make alternative service on Dowcar by certified mail in accordance with Washington law, with service addressed to Dowcar Metals, Inc., at 1420 Marvin Road NE, Suite

4905-8762-0907.3
PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF DEFENDANT - 11

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

C202, Lacey, Washington 98516.[6] Alternatively, Plaintiffs request they be authorized to serve Dowcar via the Washington Secretary of State. RCW 23.95.450(4).

**B.     The Court should authorize alternative service on Thomas Downie by mail and email**

"Washington law authorizes service by mail upon a showing that (a) defendant has made reasonably diligent efforts at personal service, and (b) defendant resides in the state but has concealed [him]self in order to avoid service of process." *ME2 Prods., Inc. v*, 2017 WL 4700182, at *1 (W.D. Wash. Oct. 19, 2017). Here, all requirements for service by mail upon Downie are met.

    **i.     Plaintiffs made reasonably diligent efforts to serve Downie**

Plaintiffs engaged a private investigator who identified the Bothell Address as Downie's most recent Washington residence. Yarborough Decl., Ex. L, ¶ I. A different private investigator and Downie himself confirmed that he lives in Bothell with the same ZIP code. Yarborough Decl., Exs. M, K.

Plaintiffs dispatched multiple process servers to this address, who made a twelve service attempts on the Bothell Address from December 21, 2024, to January 12, 2025. Yarborough Decl., Exs. D–F. The process servers attempted calling Downie at the property's callbox and were unable to access the address. *Id*.

Plaintiffs also tried serving Downie at Arizona and California addresses associated with him.[7] Service attempts were not successful at the Scottsdale, Arizona, address despite packages to an Austyn Downie being found there. Yarborough Decl., Ex. N. Plaintiffs also attempted serving Downie at a vacation home in La Quinta, California, but Downie was not there at the time. Yarborough Decl., Ex. O. Plaintiffs also tried to serve Downie via his counsel, but Downie did not authorize her to accept service. Yarborough Decl., Ex. I.

---

[6] RCW 23.95.450(2) allows service by mail to the address on Dowcar's most recent Annual Report.
[7] Downie confirmed that he resides part-time in Arizona and California. Yarborough Decl., Ex. K, at ¶ 2 (Downie Declaration in *Urban Equity v. Downie* filed Sept. 23, 2024).

4905-8762-0907.3
PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF DEFENDANT - 12

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

      **ii.    Downie is a resident of Washington**

Downie confirmed in a sworn declaration that he is a "resident of the state of Washington." Yarborough Decl., Ex. K (declaration filed September 23, 2024).

      **iii.    Downie is evading service**

First, Downie's conduct in other cases demonstrate he well versed in avoiding service. Last month in another case, Downie objected to a motion for alternative service. Yarborough Decl., Ex. U (Downie Opposition Brief By Special Appearance filed Feb. 10, 2025 in *Urban Equity v. Downie*). Opposing a motion for alternate service instead of appearing in the lawsuit demonstrates Downie's pattern of litigation gamesmanship that continues here. In another 2019 case, a King County judge authorized alternative service of Downie by mail. Yarborough Decl., Ex. V (Order entered Oct. 22, 2019). Notably, this Order authorized plaintiff to serve Downie by mail at the same Bothell Address that Plaintiffs found and attempted service (19128 112th Avenue NE, Bothell, WA 98011).

Second, Downie's filings in other cases confirm the unpredictable nature of his whereabouts across various states. Downie says he "maintain[s] a residence in Arizona in a gated community," adding that he "also maintain[s] a residence in Idaho *that is only accessible by boat*." Yarborough Decl., Ex. K, ¶ 2 (emphasis added). He acknowledges another residence in La Quinta, California, which Plaintiff discovered to be an unoccupied vacation home. *Id.*, at ¶ 8; Ex. O. At a residence in Arizona, Plaintiffs' process server identified packages addressed to Downie's daughter but was also unsuccessful in serving Downie there. Yarborough Decl., Ex. N.

Other parties also have trouble serving Downie:

4905-8762-0907.3
PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF DEFENDANT - 13

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

> 4. My firm specializes in locating and serving individuals who are especially difficult to serve. Based on my experience, Mr. Downie is one of the more difficult people to serve that I have come across and goes to extraordinary efforts to conceal himself from ordinary process service. He resides in a limited access multi-unit residential building that has a locked elevator and the public is unable to access individual residences within the building without prior authorization. We have spent approximately 30 hours sitting and observing Mr. Downie and he does not appear to leave his residence regularly. He does not have an office or regular place of business in Arizona.

Yarborough Decl., Ex. M (Young Declaration *Urban Equity v. Downie*). Furthermore, Downie himself has testified that he "travel[s] often" and "maintain[s] several homes and travel[s] between those homes[.]" Yarborough Decl., Ex. K, at Ex. 1 ¶ 7.

Downie's company, Dowcar, shares his penchant for avoiding service. Dowcar lists an inaccessible luxury apartment unit as its principal office and a UPS store mailbox as the purported office of its registered agent. Yarborough Decl., Exs. G, H.

Lastly, Downie declined to authorize his counsel, Rachel Black to accept service on his behalf. Yarborough Decl., Ex. I. At minimum, declining to authorize the attorney proves Downie is aware of this lawsuit.

### iv. The Court should authorize service of Downie by mail and email

Plaintiffs request that the Court authorize service on Downie by (a) U.S. Mail and certified mail to (1) 19128 112th Ave. NE, Apt. 339, Bothell, Washington 98011, and (2) 1420 Marvin Road NE, Ste. C202, Lacey, Washington 98516-3878; and (b) by email to Downie's email listed in Dowcar's corporate registration records: tomdownie24@icloud.com.

Service by mail and email to addresses provided by Downie are reasonably calculated to apprise him of the his case and so he can appear and respond. *Amazon.com Servs. LLC v. Indecor Home Co.*, No. C22-1560-JCC, 2023 WL 2573237, at *2 (W.D. Wash. Mar. 20, 2023) ("Service

4905-8762-0907.3
PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF DEFENDANT - 14

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

comports with Due Process if it is reasonably calculated to apprise parties of the proceeding and to give them an opportunity to be heard and to object.").

The requested mailing addresses are likely to provide adequate notice to Downie because (a) he listed them as Dowcar's principal office during the past thirteen months;[8] (b) Plaintiffs' private investigator identified them as likely Downie addresses;[9] and (c) on at least one occasion, a court has authorized alternative service on Downie by mail to the Bothell Address.[10]

To ensure that Downie receives notice, Plaintiffs propose also serving him by emailing him at tomdownie24@icloud.com, the email Downie listed for Dowcar with the Washington Secretary of State on September 5, 2024. Yarborough Decl., Ex. B.

## C.  The Court should authorize alternative service on PK Consulting via the California Secretary of State

Plaintiff made diligent efforts to serve PK Consulting through its registered agent (Peter Knoppert) and to its principal office. The registered agent could not be found at the address listed in its corporate filings, and no one representing PK Consulting could be located at its principal office.

PK Consulting is a California LLC, and California law[11] provides that "if a corporation's designated agent 'cannot with reasonable diligence be found at the address designated for personally delivering the process,' the court may permit plaintiff to serve the corporation by delivering the summons, complaint, and an order authorizing such service by hand to the Secretary of State." *Arias v. BL Custom Upholstery, Corp.*, No. CV 23-7256 PVC, 2023 WL 9418433, at *2 (C.D. Cal. Sept. 29, 2023) (quoting CAL. CORP. CODE § 1702(a)). Here, despite Plaintiff's reasonable diligence, it could not serve PK Consulting at the address designated for its

---

[8] Yarborough Decl., Ex. B (Dowcar's Statement of Reinstatement); Ex. G (Dowcar's Annual Report).
[9] Yarborough Decl., Ex. L.
[10] Yarborough Decl., Ex. J.
[11] To the extent Washington law applies, service upon the secretary of state is similarly authorized in these circumstances. RCW 23.95.450(4).

4905-8762-0907.3
PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF DEFENDANT - 15

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

registered agent or its principal office. Accordingly, the Court should issue an order authorizing Plaintiffs to serve PK Consulting via the California Secretary of State.

**D.      The Court should authorize alternative service on Peter Knoppert by mail**

Plaintiffs made reasonably diligent efforts to serve Knoppert by making eight attempts to serve him at his home in Laguna Niguel, California. This is a good address for Knoppert, per neighbors. Yarborough Decl., Ex. S, T. At least once, a process server heard movement inside the house but nobody answered the door. Yarborough Decl., Ex. S.

These facts, along with the Ott Declaration (Ex. L ¶ III), demonstrate that Knoppert resides at 16 Siena, Laguna Niguel, California 92677, and is evading service.

Peter Knoppert's attempts to conceal himself are further shown by the conduct of his company, PK Consulting, for whom he is the registered agent. Plaintiffs were unable to locate Knoppert at any address in PK Consulting's corporate filings. Yarborough Decl., Exs. P, Q. Furthermore, Knoppert failed to authorize Rachel Black, who represented him recently, to accept service on his behalf. Yarborough Decl., Ex. I.

Plaintiffs ask the Court to authorize alternative service on Knoppert at his known residence (16 Siena, Laguna Niguel, California 92677) and, to further ensure notice, at the address listed for the principal office of his company, PK Consulting LLC (2108 N St. Ste. N, Sacramento, California 95816).

4905-8762-0907.3
PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF DEFENDANT - 16

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

**CONCLUSION & PRAYER**

For these reasons, Plaintiffs respectfully request that the Court issue an order authorizing alternative service as follows:

(a) Upon Dowcar Metals, Inc. by U.S. Mail and certified mail, return receipt requested, with service addressed to Dowcar Metals, Inc., at 1420 Marvin Road NE, Ste. C202, Lacey, Washington 98516-3878, or, alternatively, by serving the Washington Secretary of State;

(b) upon Thomas Downie by U.S. Mail and certified mail, return receipt requested, to (i) 19128 112th Ave. NE, Apt. 339, Bothell, Washington 98011, and (ii) 1420 Marvin Road NE, Ste. C202, Lacey, Washington 98516-3878; and (b) by email to tomdownie24@icloud.com;

(c) upon PK Consulting, LLC, by delivering the summons, complaint, and order authorizing alternative service by hand to the California Secretary of State; and

(d) upon Peter Knoppert by U.S. mail and certified mail, return receipt requested, to 16 Siena, Laguna Niguel, California 92677 and to 2108 N St. Ste. N, Sacramento, California 95816.

Alternatively, to the extent the Court declines to authorize alternate service, Plaintiffs the Court should issue an order extending the time for service by 45 days upon the good cause shown in this Motion.

[*Remainder of page intentionally left blank*]

4905-8762-0907.3
PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF DEFENDANT - 17

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

DATED this 17th day of March, 2025.

**MILLER NASH LLP**

*/s/ Jesús Miguel Palomares*
Jesús Miguel Palomares, WSB No. 51858
605 5th Ave. S., Suite 900
Seattle, WA 98104
Telephone: (206) 624-8300
Fax: (206) 340-0599
Email: jesus.palomares@millernash.com

**THE COBOS LAW FIRM**

*/s/ Andrew Cobos*
Andrew Cobos, *pro hac vice* forthcoming
711 W. Alabama St.
Houston, TX 77006
Telephone: (713) 234-5860
Email: andrew@cobos.law

**FOSTER YARBOROUGH PLLC**

*s/ Patrick Yarborough*
Patrick Yarborough, *pro hac vice* forthcoming
Benjamin F. Foster, *pro hac vice* forthcoming
Jeffrey Lucas "Luke" Ott, *pro hac vice* forthcoming
917 Franklin Street, Suite 220
Houston, Texas 77002
Telephone: (713) 331-5254
Facsimile: (713) 513-5202
Email: patrick@fosteryarborough.com
          ben@fosteryarborough.com
          luke@fosteryarborough.com

**ATTORNEYS FOR PLAINTIFFS
MARK WHELAN & CHRIS COOK**

*I certify that this memorandum contains 3,555 words, in compliance with the Local Civil Rules.*

4905-8762-0907.3
PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF DEFENDANT - 18

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599

**CERTIFICATE OF SERVICE**

The undersigned declares that on March 17, 2025, a copy of the foregoing document was electronically filed with the Clerk of the Court via CM/ECF which caused the same to be served on all registered parties of record.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

EXECUTED this 17th day of March, 2025, in Arlington, Washington.

/s/Edgar Y. Rosales
Edgar Y. Rosales, Paralegal

4905-8762-0907.3
PLAINTIFFS' MOTION FOR ALTERNATIVE SERVICE OF DEFENDANT - 19

Miller Nash LLP
605 5th Ave S, Suite 900
Seattle WA 98104
206.624.8300 | Fax: 206.340.9599